### MILLARD v. WATSON, Commissioner of Patents.
### No. 11607.

United States Court of Appeals
District of Columbia Circuit.

Argued April 13, 1953.

Decided May 21, 1953.

Melville E. Jones, Washington, D. C., for appellant.

E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., for appellee.

Before EDGERTON, PRETTYMAN and FAHY, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a patent case brought in the District Court under Section 4915 of the Revised Statutes.[1] Appellant sought a patent on a method designed for the making of metal tubes or pipes from flat metallic plate. The trial court described the application as follows, in terms which are both accurate and clear as we understand the claims:

"The application here involved discloses a method of making tubes from flat metal sheets by the use of a concave lower die having a cavity corresponding to about 120 degrees of the completed tube; and a substantially cylindrical upper die. In making a tube, one edge of a flat sheet is laid across the cavity and shaped by means of the upper die. The upper die is then raised and the sheet is passed under it until the other edge lies over the cavity, whereupon the shaping operation is repeated. The upper die is then raised again and the middle section of the sheet is placed over the cavity and shaped, thus forming a tube. The tube is then removed from the die and completed by welding the seam. The cylindrical upper die is supported from the supporting bar by an integral web."

Appellant put his lower die, the concave one, in a broad, flat surface, so that the sheet of metal could lie flat on that surface preparatory to the pressing operation. Thus it could be placed in position accurately and firmly and could be slid instead of lifted into the two further positions for the second and third operations.

A prior inventor had used the same general arrangement, except that his lower die was in a narrow block instead of in a broad, flat surface. The result of that structure seems to have been that the sheet of metal had to be held in position, either by hand (for a small sheet) or by some suspense or hoisting arrangement like a crane, while it was being put between the dies; and apparently it had to be withdrawn from the press, lifted around the machine, and reinserted between the dies for the two further pressings, instead of merely being slid across on the flat surface into the desired position.

Appellant says that his machine produces the following results not possible in the prior art:

1. It prevents spiral edges at the seam of the plate when it is shaped into tubular form. Unless the plate is held in precise position while being pressed, it tends to slip and the edges are not then parallel so as to permit welding in a straight seam.

2. It enables the metal sheet to be slid into position instead of being lifted there.

3. It holds the sheet steady for the pressing operation.

4. It enables an accurate placement of the sheet between the dies.

5. It catches the sheet when the dies are released after each pressing. After the sheet is bent between the dies and the dies are released, the sheet tends to drop by force of gravity.

6. It enables a continuous process, because, as one completed pipe is being slid off the top die, another sheet of metal can be slid along the flat surface into position for placement between the dies.

Appellant says all these results are new and unexpected and not taught by the prior art. But the problem is whether the change which appellant wrought in the method was of such nature as to amount to invention, even if the highly desirable results he pictures did take place. We think it was not. It seems to us that the mere placement of the lower die of the device in a broad, flat surface instead of in a narrow block did not amount to invention. As a witness for appellant agreed, that type of work support is common on dies.

The same conclusion applies to the fixity of the upper die in appellant's

---

1. As amended, 35 U.S.C.A. § 63.

method and the movability of that die in some, although apparently not in all, of the prior inventions. This matter of the upper die was discussed in the testimony but was not pressed in the argument here. Moreover, this is a difference more in apparatus than in method.

In sum, it seems to us that the claimed method as a whole, *i. e.*, the movement of the metal sheet between the dies instead of around the machine, the lateral work support at the level of the lower die, and the fixity of the upper die to the web which holds it, would have been obvious at the time to a person having ordinary skill in the art. The District Court so found, and its judgment is therefore affirmed.